IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:19cr58-RH-MJF

JOHN B. LYNN,

      Defendant.
_____/

**ORDER ON THE DEFENDANT'S
INQUIRY ON THE SEQUENCE OF
STATE AND FEDERAL CUSTODY**

The defendant John B. Lynn was sentenced in this court to 96 months in the Bureau of Prisons. At the time of sentencing, unrelated state charges were pending against him. He was arrested on the state charges first and came to federal court on a writ of habeas corpus ad prosequendum. The federal judgment provided that if Mr. Lynn was convicted on the state charges, the state sentence should be served concurrently with or consecutively to the federal sentence, as ordered or recommended by the state sentencing judge.

The federal judgment included my recommendation to the Bureau of Prisons that it designate a state facility for service of the federal sentence, thus in effect making the state and federal sentences concurrent, if the state sentencing judge so

ordered or recommended. This was intended to ensure that, if Mr. Lynn was convicted in state court and the state sentencing judge ordered or recommended concurrent sentences, the sentences would indeed be served concurrently.

Mr. Lynn now has submitted a letter complaining that he is serving a state sentence in a state facility and that the United States Marshals Service has lodged a detainer there based on the federal sentence. The state court apparently made the state sentence concurrent with the federal sentence. Mr. Lynn apparently asserts that it was part of his state plea agreement that he would serve the concurrent state and federal sentences in a federal facility. But where Mr. Lynn will serve his federal sentence is a federal question. Any agreement Mr. Lynn made with state prosecutors, and any order the state court made on this subject, would not be binding on the United States Marshals Service or the Bureau of Prisons.

Mr. Lynn's letter asks for information, not for relief. And he would not be entitled to relief in this court as part of this criminal case. A challenge not to a federal sentence but to the Bureau of Prisons' implementation of it is properly asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, not as part of the underlying criminal case. Any such petition must be filed in the district of incarceration, not the district of conviction.

In any event, the information in this record suggests service of the sentences in a state facility accords with routine, proper practice. When a person is subject to

charges by two governments—including, as here, the federal government and a state government—the government that first takes custody of the person ordinarily has primary jurisdiction until the government releases the person, whether on bail or other pretrial release or when the person is exonerated or any sentence has been served. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). That government's primary jurisdiction continues even if the person is temporarily transferred to the other government's physical control for the purpose of proceedings there, as, for example, on a writ of habeas corpus *ad prosequendum*. While in a government's physical control on such a writ, the government is said to have borrowed the person from the government that retains primary jurisdiction. *See Butler v. Warden*, 451 F. App'x 811, 812 (11th Cir. 2011) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)).

At least as shown by this record, Mr. Lynn is in the State of Florida's primary jurisdiction serving a state sentence. He is also serving a federal sentence while at the state facility. A federal detainer is proper until the federal sentence has been served in full.

In sum, Mr. Lynn has not shown he is entitled to serve concurrent sentences in federal rather than state custody. And this court would not have jurisdiction to order his transfer from state to federal custody, even if that were proper or required.

IT IS ORDERED:

No relief will be granted on Mr. Lynn's letter, ECF No. 41, other than the explanation provided by this order.

SO ORDERED on June 8, 2023.

>s/Robert L. Hinkle
> United States District Judge